UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie D.,

                Plaintiff,        Case No. 23-12735

v.                                 Judith E. Levy
                                    United States District Judge

Commissioner of Social Security,

                                    Mag. Judge David R. Grand

                Defendant.

_____/

OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [15], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [13]

On October 16, 2024, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") (ECF No. 15) recommending that the Court deny Plaintiff Julie D.'s motion for summary judgment (ECF No. 11), grant Defendant Commissioner of Social Security's motion for summary judgment (ECF No. 13), and affirm the Administrative Law Judge's ("ALJ") decision. On October 29, 2024, Plaintiff filed two timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and

Eastern District of Michigan Local Rule 72.1(d). (ECF No. 16.) Defendant responded to the objection. (ECF No. 17.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and finding it to be accurate and thorough. (ECF No. 15, PageID.2438–2439.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893

F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 587 U.S. 97 (2019), the Supreme Court articulated the standard the district court must apply when conducting its *de novo* review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id.* at 102 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing

3

administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* at 103 (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted). "[I]f substantial evidence supports the ALJ's [administrative law judge's] decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. Analysis

#### A. Objection 1

In Plaintiff's first objection, she argues that the ALJ did not adequately address Plaintiff's hand impairments and that, as a result, the ALJ's conclusion that Plaintiff could perform light work is insufficient. (ECF No. 16, PageID.2463.) Plaintiff takes issue with the

R&R's recommendation that the ALJ's decision adequately addresses her hand impairments.

The R&R determined that the ALJ sufficiently considered Plaintiff's allegations of hand-related limitations when formulating the RFC assessment. (ECF No. 15, PageID.2451.) According to the R&R, "the factors identified in *Emard* are present in the ALJ's decision in this case." (*Id.*) In *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844 (6th Cir. 2020), the Sixth Circuit held that an ALJ's decision complied with the requirements in 20 C.F.R. § 416.945(e) and SSR 96-8p when the ALJ expressly referenced SSR 96-8p and discussed the plaintiff's non-severe impairments at step two of the analysis. *Id.* at 851–52. Here, the R&R notes that the ALJ stated that she "accounted for *all* impairments" and all symptoms, weighed "the totality of the record," expressly referenced SSR 96-8p, and considered the combined effects of all of Plaintiff's medically determinable impairments. (ECF No. 15, PageID.2451–2452 (citing ECF No. 7-1, PageID.135, 139).)

Plaintiff contends that this analysis is not sufficient. In support of this argument, Plaintiff states that, "since *Emard* was decided, several district courts have found that an ALJ does not comply with SSR 96-8p

5

*merely* by mentioning it in the decision." (ECF No. 16, PageID.2461.) Instead, the ALJ's decision "must include at least some discussion of *how* a claimant has been limited by their non-severe impairments at step two, if not in the RFC assessment." (*Id.* (citing *King v. O'Malley*, No. 1:23-CV-00065, 2024 WL 3696479, at *7 (M.D. Tenn. Aug. 6, 2024)).) Further, Plaintiff argues, "[w]hat is missing from both the ALJ's decision and the magistrate judge's analysis is any attempt to connect the evidence regarding [Plaintiff's] upper extremities . . . to the RFC result, which did not include *any* explicit limitations related to this impairment." (*Id.* at PageID.2462.)

As an initial matter, the ALJ's analysis consisted of more than merely mentioning SSR 96-8p. At Step 2 of the analysis, the ALJ discussed Plaintiff's hand-related impairments, such as "decreased range of motion in her wrists." (ECF No. 7-1, PageID.135.) The ALJ also "noted Plaintiff's testimony about pain in her hands and that she 'dropped objects in her hand due to loss of grip strength.'" (ECF No. 15, PageID.2452 (citing ECF No. 7-1, PageID.139).) To the extent this is necessary, the ALJ's decision "include[d] at least some discussion of *how* a claimant has been limited by their non-severe impairments," *King*,

6

2024 WL 3696479, at *7, along with her acknowledgment that the RFC "has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the claimant's medically determinable impairments." (ECF No. 7-1, PageID.139.)

Although Plaintiff argues that the RFC assessment had no connection to the evidence regarding Plaintiff's upper extremities (ECF No. 16, PageID.2462), "the ALJ's statements that she had considered the entire record and all of [Plaintiff's] symptoms suggests that she had considered [Plaintiff's] impairments in combination." *Emard*, 953 F.3d at 851. Further, the Sixth Circuit's indication that "an ALJ need not specifically discuss all nonsevere impairments in the residual-functional-capacity assessment when the ALJ makes clear that her decision is controlled by SSR 96-8p" lends additional support to the R&R's determination that the ALJ's decision complied with SSR 96-8p.

As such, Plaintiff's first objection is overruled.

### B. Objection 2

In Plaintiff's second objection, she argues that the R&R erred because it "minimizes the evidence showing additional RFC limitations

7

were warranted" for Plaintiff's migraine headaches. (ECF No. 16, PageID.2463.) In short, Plaintiff believes that the ALJ did not correctly weigh the evidence of Plaintiff's migraines in making her RFC assessment, and disagrees with the R&R's recommendation that the ALJ's decision be affirmed. (*Id.* at PageID.2464 ("The magistrate judge found the ALJ's assessment of [Plaintiff's] RFC appropriate, despite the ALJ's failure to account for the 'crippling' light sensitivity from her migraines."); *see also id.* at PageID.2464–2465 (arguing that the fact that Plaintiff did not wear sunglasses to one or two appointments between October 2021 and April 2022 "is insufficient rationale for the ALJ's apparent finding that no restrictions related to her photosensitivity were warranted in the RFC").)

First, this objection appears to restate arguments already presented to the magistrate judge. (*See* ECF No. 11, PageID.2401–2406.) As such, this objection is improper because it restates arguments already presented to the magistrate judge. *See Coleman-Bey*, 287 F. App'x at 422.

Additionally, the R&R is correct that the ALJ's decision was sufficiently supported by substantial evidence. The Court's review of the ALJ's decision is limited. "[I]f substantial evidence supports the ALJ's

8

[administrative law judge's] decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Key*, 109 F.3d at 273). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek*, 587 U.S. at 102.

As explained in the R&R, the ALJ "did in fact consider Plaintiff's testimony and the medical evidence" with regard to her migraines. (ECF No. 15, PageID.2456.) "[G]iven that Plaintiff displayed a sensitivity to light at only a handful of medical appointments over a less-than-three-month period, the ALJ did not err in failing to include a limitation regarding exposure to light in the RFC." (*Id.* at PageID.2456–2457.) As noted in the R&R and the ALJ's decision, during Plaintiff's February 3, 2022 appointment, she did not wear sunglasses, the lights were on, and she reported "that she was having less frequent migraines, and had not had one in the past week." (*Id.* at PageID.2455; ECF No. 7-1, PageID.142, 144.) Additionally, on March 29, 2022, "Plaintiff reported that her migraines had decreased significantly with Aimovig, although she still

9

had tension headaches several times a week." (ECF No. 15, PageID.2455; ECF No. 7-1, PageID.142, 144.)

The Court agrees with the R&R's finding that the ALJ's analysis is supported by substantial evidence and must be affirmed. As such, Plaintiff's second objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Report and Recommendation (ECF No. 15) is ADOPTED, Plaintiff's motion for summary judgment (ECF No. 11) is DENIED, and Defendant's motion for summary judgment (ECF No. 13) is GRANTED. The ALJ's decision is AFFIRMED. This case is hereby DISMISSED.

IT IS SO ORDERED.

Date: March 12, 2025          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2025.

                              s/Joseph Heacox
                              On behalf of William Barkholz
                              Case Manager

10